UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA PARK APARTMENTS, INC.,

    Plaintiff,

v.                                            CASE NO.: 8:14-cv-1230-T-23AEP

SHUAN DONOVAN,

    Defendant.

_____/

**ORDER**

The plaintiff sues (Doc. 1) for a breach of contract, a breach of fiduciary duty, and an accounting. Arguing the absence of subject matter jurisdiction, the defendant moves (Doc. 7) to dismiss.

To sue the United States in district court, a plaintiff must demonstrate both a grant of subject matter jurisdiction and a valid waiver of sovereign immunity. *C.H. Sanders Co. v. BHAP Hous. Dev. Fund Co.*, 903 F.2d 114, 117 (2d Cir. 1990). The plaintiff claims subject matter jurisdiction under 28 U.S.C. § 1331, which states, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." The plaintiff's claims against the defendant, a federal officer, depend on federal common law and, therefore, "arise under" federal law. *See Western Sec. Co. v. Derwinski*, 937 F.2d 1276, 1280 (7th Cir.

1981) ("Suits to enforce contracts with federal agencies are governed by federal common law . . . and as a result arise under federal law for purposes of section 1331."). Accordingly, subject matter jurisdiction exists over the plaintiff's claims.

Also, the plaintiff identifies a valid waiver of sovereign immunity. Section 1702 of the National Housing Act states that in "carrying out the provisions of . . . subchapter[] II" and other subchapters of the Act the Secretary of Housing and Urban Development (i.e., the defendant in this action) is "authorized in his official capacity, to sue and be sued in any court of competent jurisdiction, State or Federal." The parties agree (Doc. 7 at 10; Doc. 11 at 5) that the defendant issued the disputed note and loan under Sections 1715*l* and 1717z-1a, each of which is in Subchapter II of the Act. Further, a "sue and be sued" clause, such as Section 1702, is a valid waiver of sovereign immunity. *See Trans Bay Engineers & Builders, Inc. v. Hills*, 551 F.2d 370 (D.C. Cir. 1976); *Western Sec. Co.,* 937 F.2d 1276.

The defendant mistakenly argues that under the Tucker Act the Court of Federal Claims has exclusive jurisdiction over all contract claims against the United States for damages over $10,000. "Rather, that court's jurisdiction is 'exclusive' only to the extent that Congress has not granted any other court authority to hear the claims that may be decided by the Claims Court." *Bowen v. Massachusetts*, 487 U.S. 879, 910 n. 48 (1988). As discussed above, an independent grant of jurisdiction and an independent waiver of sovereign immunity exist in this action.

- 3 -

Further, the Tucker Act does not grant the Court of Federal Claims jurisdiction over the plaintiff's claims.  A claim "cognizable under the Tucker Act," "must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216 (1983).  The plaintiff seeks recovery from an escrow account containing money paid by the plaintiff under a contract; the plaintiff claims nothing from the general funds of the United States. (Doc. 11 at 7)  Accordingly, the Tucker Act is inapplicable.

Because subject matter jurisdiction exists over the plaintiff's claims and the defendant waived sovereign immunity, the motion (Doc. 7) to dismiss is **DENIED**.

ORDERED in Tampa, Florida, on December 9, 2014.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE