UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TAMPA PARK APARTMENTS,

    Plaintiff,

v.                                                    CASE NO. 8:14-cv-1230-T-23AEP

SECRETARY, HOUSING AND
URBAN DEVELOPMENT,

    Defendant.

_____/

**ORDER**

The plaintiff sues (Doc. 1) for a breach of contract, a breach of fiduciary duty, and an accounting; the defendant answers and counterclaims for three declaratory judgments. The plaintiff moves (Doc. 23) to strike the affirmative defenses and moves (Doc. 24) to dismiss the counterclaim.

**1. Motion to Strike the Affirmative Defenses**

Under Rule 12(f), Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." But "numerous judicial decisions make it clear that motions under Rule 12(f) are viewed with disfavor . . . and are infrequently granted." Wright & Miller, *Federal Practice and Procedure*, Vol. 5C, § 1380 (3d ed. 2014). "[E]ven when technically appropriate and well-founded, Rule 12(f) motions often are not granted in

the absence of a showing of prejudice to the moving party." Wright & Miller, *Federal Practice and Procedure*, Vol 5C, § 1381 (3d ed. 2014).

By arguing that each affirmative defense either "fails" or is "legally insufficient," the plaintiff fails to show prejudice.  For example, the plaintiff's motion argues that the defendant's laches and statute of limitation defense fail because the time for neither has elapsed.  The defendant responds with plausible arguments to the contrary.  Resolution at the motion to strike stage of the merits of either affirmative defense is premature. *Moore's Federal Practice*, Vol. 2, § 8.08[6] (3d ed. 2014) ("[T]he affirmative defense that an action is barred by a statute of limitations . . . need not be pleaded with any specificity.  The defense is raised sufficiently by merely asserting it.").

Also, the plaintiff moves in two paragraphs to strike the defendant's five other defenses.  The plaintiff argues, for example, that one defense "is not an affirmative defense, but a comment on the evidence" and that another defense "states a difficulty for HUD, not a legally cognizable avoidance of its legal duty."  (Doc. 23 at 5)  Even if the plaintiff is correct, the affirmative defenses are neither entirely improper nor prejudicial:

> Generally speaking, the [Federal Rules of Civil Procedure permit] . . . two types of defensive allegations: those that admit the allegations of the complaint but suggest some other reason why there is no right of recovery, and those that concern allegations outside of the plaintiff's prima facie case that the defendant therefore cannot raise by a simple denial in the answer. As a result, a pleader, in order to avoid waiving an otherwise valid defense, often will decide to set up affirmatively

> matter that technically may not be an affirmative defense but nonetheless might fall within the [permitted defenses]. Normally, that pleader will not be penalized for exercising caution in this fashion even when affirmative pleading proves to be unnecessary.

Wright & Miller, *Federal Practice and Procedure*, Vol 5, § 1271 (3d ed. 2014) (footnotes omitted).

**2. Motion to Dismiss the Counterclaim**

The counterclaim contains three counts, each of which requests several declaratory judgments. The plaintiff's motion to dismiss the counterclaim argues (1) that Counts I and II are subsumed within Count III, (2) that Count II is subsumed within the affirmative defenses, (3) that neither Count I nor Count II presents a case or controversy, and (4) that Count III is a shotgun count. Spurred by an order directing a response (Doc. 26), the defendant responds.

### *A. The plaintiff's first argument*

The plaintiff persuasively argues that Counts I and II are subsumed in Count III. And the plaintiff cites precedent dismissing similar repetitive claims. *See Fernando Grinberg Trust Success Int. Properties LLC v. Scottsdale Ins. Co.*, 2010 WL 2510662, at *2 (S.D. Fla. June 21, 2010) (Cooke, J.) ("Since the Plaintiff's claim for declaratory judgment is subsumed within its claim for breach of contract, the declaratory action must be dismissed.").

The defendant's chaotic brief mostly ignores this argument. The response closest to relevant is that Count I differs from the claims in the complaint, but the

- 3 -

gravamen of the plaintiff's motion to dismiss Counts I and II is that Count III of the counterclaim (not that a count in the complaint) subsumes Counts I and II.[1]

### B. *The plaintiff's second argument*

The plaintiff correctly argues that Count II requests relief contained in the affirmative defenses. Count II requests a declaration that the plaintiff's claims are "barred by the statute of limitations or in the alternative barred by the doctrine of laches." (Doc. 19 at 33) However, as discussed above, the defendant's answer includes affirmative defenses asserting the same alternative arguments. (Doc. 19 ¶ 52–53) Admitting the repetition, the defendant requests leave to amend the counterclaim:

> HUD agrees that the relief sought in Count II is subsumed in its Affirmative Defenses of laches and the statute of limitations and requests leave from the Court to amend its Counterclaim to include the allegations in Count II as part HUD's claim for breach of contract in Count III.

### C. *The plaintiff's third argument*

The plaintiff argues that Counts I and II "should be dismissed . . . because a declaratory judgment action is intended to adjudicate future rights, not the liability for past conduct." (Doc. 24 at 10) The plaintiff mistakenly believes that one purpose of a declaratory judgment — permitting declaratory relief when no coercive relief is

---

[1] Occasionally, the response asserts a relevant remark. Nonetheless, the remark is always followed by either no support or irrelevant facts. For example, the response states, "Count I is not raised in Count III nor mirrors the allegations in [the plaintiff]'s Complaint. As discussed above, [the defendant]'s right to obtain repayment . . . is at issue due to [the plaintiff]'s actions." (Doc. 28 at 10)

available — is the only purpose.  However, a declaratory judgment is also available to a potential defendant who wishes to expedite litigation of an accrued claim. *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 397 (5th Cir. 2003), ("A proper purpose of [a declaratory judgment action] is to allow potential defendants to resolve a dispute without waiting . . . until the statute of limitations expires.").

### D. *The plaintiff's fourth argument*

The plaintiff's forth argument states:

> Count III for Breach of Contract not only incorporates by reference the general allegations, but also all of the allegations of Counts I and II. This incorporation by reference should be stricken as all of the relevant allegations apposite to the Breach of Contract action are already set forth in Count III of the Complaint.

Although worded somewhat differently, the plaintiff's argument is best construed as explaining that Count III is a shotgun count.  Indeed, the defendant's twenty-seven-page counterclaim "is a perfect example of shotgun pleading.  It incorporates every allegation by reference into each subsequent claim for relief." *Perret v. Wyndham Vacation Resorts, Inc.*, 846 F. Supp. 2d 1327, 1334 (S.D. Fla. 2012) (Seitz, J.); *accord Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (explaining that a shotgun complaint "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts . . . contain irrelevant factual allegations and legal conclusions").  For example, Count III incorporates the preceding eighty-four paragraphs, i.e., every preceding paragraph in the counterclaim.

"[M]any of the facts alleged [in the counterclaim] could not possibly be material to [each] of the counts.  Consequently, [the plaintiff] and the district court [must] sift through the facts presented and decide for themselves which [are] material to the particular cause of action asserted, a difficult and laborious task indeed." *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir. 1991).  Thus, the counterclaim is an impermissible shotgun pleading and violates Rule 8(a)(2), Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim[s]."  *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) (describing shotgun pleadings as "altogether unacceptable"); *see also Osgood v. Disc. Auto Parts, LLC*, 2013 WL 6085223 (M.D. Fla. Nov. 19, 2013) (Howard, J.) ("When faced with the extreme burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative, and force the plaintiff to replead . . . .").

## CONCLUSION

Because none of the affirmative defenses prejudices the plaintiff, the motion (Doc. 23) to strike is **DENIED**.  But, because the counts of the counterclaim are redundant and because the counterclaim is a shotgun pleading, the counterclaim is **DISMISSED**.  No later than **ARIL 10, 2015**, the defendant may amend the counterclaim to correct the errors identified in this order. When amending the counterclaim, the defendant must remove excessive detail, must avoid alleging a count that duplicates another count, must avoid stating an affirmative defense as a

- 6 -

count, and must incorporate into each count only the relevant preceding paragraphs. The plaintiff's motion (Doc. 24) to dismiss is **GRANTED** in accord with this order.

ORDERED in Tampa, Florida, on March 27, 2015.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE